UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOUAZE SANGARE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LUIS SOTO, *et al.*,<br><br>　　　　　Respondents. | Case No. 26–cv–00758–ESK<br><br>OPINION AND ORDER |

　　**THIS MATTER** is before the Court on *pro se* petitioner Mouaze Sangare's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1) and this Court's January 26, 2026 order (ECF No. 3.)   Respondents oppose the Petition.   (ECF No. 5.)

　　1.　Petitioner is a citizen of Guinea.   (ECF No. 1 ¶ 18.)   He entered the United States without inspection on February 14, 2024.   (*Id.*)

　　2.　The Department of Homeland Security (Department) briefly detained petitioner but ultimately released him on his own recognizance.   (*Id.* ¶ 19.)

　　3.　Petitioner was also issued a Notice to Appear (Notice) and was placed in removal proceedings.   He timely filed an asylum application.   (*Id.* ¶ 20.)

　　4.　On June 16, 2025, the Department moved to dismiss petitioner's removal proceedings, and an immigration judge granted the motion.   (*Id.* ¶ 21.) Petitioner appealed the decision, which remains pending with the Board of Immigration Appeals (BIA).   (*Id.*)

　　5.　The Department re-detained petitioner after its motion was granted even though petitioner did not violate the terms of his release.   (*Id.* ¶ 22.)

　　6.　Petitioner went through a credible fear interview and was found not to have a credible fear of persecution if he was returned to Guinea.   (*Id.*)

　　7.　Petitioner was detained in Delaney Hall Detention Facility (Delaney Hall), in Newark, New Jersey.   (*Id.*)

　　8.　Respondents assert that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) because he was "(i) apprehended near the

border, (ii) placed into expedited removal proceedings, and (iii) found to not have a credible fear of persecution." (ECF No. 5 p. 2.)

9. Petitioner argues that § 1225(b)(1) does not apply to him because he was originally released on his own recognizance, not on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). (ECF No. 6 p. 3.)

10. Immigration Judge Ramin Rastegar issued a final order on October 21, 2025. (ECF No. 5–1 p. 2.) District courts, with limited exceptions, do not have "jurisdiction to review … any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. § 1252(a)(2)(A)(i).

11. Here, I may only determine whether petitioner is a noncitizen, whether he was ordered removed pursuant to § 1225(b)(1), and whether he "can prove by a preponderance of the evidence that the petitioner is" a noncitizen "lawfully admitted for permanent residence, has been admitted as a refugee … or has been granted asylum … ." 8 U.S.C. § 1252(e)(2)(A)–(C); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

12. I have no jurisdiction to reach petitioner's arguments that he was improperly detained pursuant to § 1225(b)(1). Now that there is an administratively final removal order, petitioner's detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens.)

13. Although the Suspension Clause of the Constitution would allow an aggrieved party with sufficient ties to the United States to challenge that lack of jurisdiction, *see Osorio-Martinez*, 893 F.3d at 166–67, petitioner has not briefed the applicability of the Suspension Clause to his case.

14. I will dismiss the Petition for lack of jurisdiction. The dismissal will be without prejudice to petitioner's right to file an amended petition raising Suspension Clause arguments.

Accordingly,

            **IT IS** on this  **2nd** day of **March 2026**  **ORDERED** that:

1. The Petition at ECF No. 1 is **DISMISSED WITHOUT PREJUDICE**.

2. The motion for a temporary restraining order is **DISMISSED AS MOOT**.

3. The Clerk shall **CLOSE** this case.

                                           */s/ Edward S. Kiel*
                                           **EDWARD S. KIEL**
                                           **UNITED STATES DISTRICT JUDGE**